[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14799
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00336-JES-DNF

VERNON CRINER,

                                                      Plaintiff - Appellant,

JANET WRIGHT,
Conservator for Vernon Criner                                  Plaintiff,

versus

JOSE HERNANDEZ,
Collier County,
PRISON HEALTH SERVICES,
INDIANA CRUZ,
M. D. individually,

                                                      Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 14, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jane Wright, on behalf of Vernon Criner, brought this action under 42 U.S.C. § 1983 against a physician's assistant, Joes Hernandez, a physician, Indiana Cruz, M.D., and Prison Health Services, Inc. ("PHS"), claiming that Hernandez and Dr. Cruz were deliberately indifferent to Criner's serious medical condition—a history of paroxysmal atrial fibrillation, hypertension, and hyperlidemea—in violation of the Eighth and Fourteenth Amendments, while Criner was incarcerated in the Collier County Jail. In addition to the claims against Hernandez and Dr. Cruz, Wright alleges that PHS maintained an unconstitutional custom or policy to withhold medical treatment from jail inmates such as Criner.

After Wright filed a fourth amended complaint, the defendants answered and discovery closed, the defendants moved the District Court for summary judgment. The court, in comprehensive Opinion and Order dated September 13, 2013, reviewed the relevant evidence and granted the motion. The court's Opinion and Order, at 14-15, describes the plaintiff Criner's claim and Hernandez's and Dr. Cruz's responses to his medical condition thusly:

> Plaintiff claims that Hernandez and Dr. Cruz were aware of his serious medical condition, but "turned a cold shoulder to his very real, very legitimate complaints and requests for a medical or cardiology referral." The evidence, however, establishes that plaintiff received a significant amount of medical care, including treatment for his cardiac conditions.

During the period between plaintiff's arrival at the Collier County Jail on January 18, 2008, and his injury on June 23, 2008, plaintiff visited Hernandez and Dr. Cruz for medical care on more than fifty different occasions. After learning of plaintiff's medical conditions, Hernandez and Dr. Cruz continued the treatment prescribed by plaintiff's cardiologist prior to his incarceration and addressed many of plaintiff's complaints. In early May, plaintiff was diagnosed with a slow heart rate following complaints of severe dizziness and fainting. Hernandez responded to these complaints by adjusting plaintiff's medications and by ordering blood tests and an EKG. Based on the test results, plaintiff was transferred to the infirmary for further monitoring and when his condition began to worsen, he was immediately sent to the emergency room. The hospital records stated that plaintiff's atrial fibrillation was well controlled and made no mention of the need for a pacemaker or a follow-up appointment with a cardiologist. Plaintiff's medical needs were also addressed following his complaints of dizziness, increased heart rate, and swollen legs in early June. Hernandez ordered that plaintiff's blood pressure and heart rate be monitored and ultimately referred him to a kidney specialist to address the abnormal results of an ultrasound performed on his kidneys.

Even when viewing the facts in a light most favorable to plaintiff, the undisputed evidence shows that plaintiff received a significant amount of medical care during his incarceration at the Collier County Jail. Despite this significant amount of care, plaintiff second guesses the medical judgments of those providing care. Plaintiff submitted an expert disclosure from Dr. Joe Goldenson, who opined that Hernandez and Dr. Cruz did not adequately evaluate plaintiff's symptoms and should have sent him to a cardiologist for further evaluation. However, evidence of potential error in the medical judgment of Hernandez or Dr. Cruz does not create a genuine issue of material fact because it does not demonstrate action or inaction beyond gross negligence.

The court accordingly dismissed the claims against Hernandez and Dr. Cruz.

Then, having determined that plaintiff's constitutional claims failed, the court

dismissed the claim against PHS as well.

3

Wright appeals the District Court's judgment issued pursuant to its September 13, 2011, decision.   The gist of her appeal is, "Quite simply, Defendants delayed the medical care required by Criner for a non-medical reason, they refused to pay for it."  Appellant's Br. at 24-25.  We are not persuaded and accordingly affirm.

AFFIRMED.